IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60069
Summary Calendar
_____

ROBERT BAKER; TASHINA BAKER,

Petitioners-Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Appeal from a Decision of the
United States Tax Court
(5931-95 & 5932-95)

_____

September 9, 1996

Before GARWOOD, JOLLY and DENNIS, Circuit Judges.[*]

PER CURIAM:

Petitioners-appellants, Robert K. Baker and Tashina Baker, husband and wife (Taxpayers), appeal the decision of the Tax Court, which dismissed their petitions for redeterminations of tax deficiencies and additional tax assessed against them by appellee, the Commissioner of Internal Revenue.  The Tax Court also assessed

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

each of the Taxpayers a $500 penalty under 26 U.S.C. § 6673(a)(1) (proceedings instituted primarily for delay or where taxpayer's position is frivolous or groundless). We affirm.

After filing their initial petitions with the Tax Court, Taxpayers filed amended petitions, the Commissioner then filed motions to dismiss for failure to state a claim, and, thereafter, the Tax Court on July 19, 1995, ordered the Taxpayers to file proper second amended petitions in conformity with the requirements of Tax Court Rule 34 and setting forth specifically each error allegedly made by the Commissioner in the determination of the deficiencies and separate statements of fact upon which the assignments of error are based. Taxpayers filed second amended petitions and other documents. The Commissioner's motion to dismiss was heard August 16, 1995, and the Commissioner appeared through counsel, but neither taxpayer appeared. On October 16, 1995, the Tax Court issued its memorandum of opinion. The Tax Court dismissed the petitions. It concluded that the Taxpayers' pleadings failed to comply with the court's July 19 order and with Rule 34(b)(4) and (5): "There is neither assignment of error nor allegation of fact in support of any justiciable claim. Rather, there is nothing but tax protestor rhetoric and legalistic gibberish." To the extent that any specific contentions could be made out, they were that the Commissioner could not assess a deficiency because the Taxpayers had not filed a return, and, arguably, because the Commissioner had not prepared a return for

2

the Taxpayers, and because wages are not income. The Tax Court determined that both of these contentions were frivolous. We agree. *Schiff v. United States*, 919 F.2d 830, 832-33 (2d Cir. 1990), *cert. denied*, 501 U.S. 1238 (1991); *Stelly v. Com'r*, 804 F.2d 868, 869-70 (5th Cir. 1986), *cert. denied*, 480 U.S. 907 (1987). *See also Moore v. Com'r*, 722 F.2d 193, 196 (5th Cir. 1984). We also agree with the Tax Court that Taxpayers' pleadings below were essentially incomprehensible legal gibberish, and that dismissal for noncompliance with Rule 34 was proper. *Sochia v. Com'r*, 23 F.3d 941 (5th Cir. 1994). Further, the Tax Court clearly did not abuse its discretion in making the $500 assessments under section 6673(a)(1). *See Sandovall v. Com'r*, 898 F.2d 455, 459 (5th Cir. 1990).

On appeal to this Court, Taxpayers raise other arguments. They contend that there was no genuine determination of deficiency under 26 U.S.C. § 6212(a) because the Commissioner relied on Bureau of Labor Statistics and the Consumer Price Index, in addition to at least one 1099, in calculating unreported income, and that, in any event, the notice of deficiency was arbitrary and erroneous, so was not entitled to the presumption of correctness. *See Portillo v. Com'r*, 932 F.2d 1128 (5th Cir. 1991); *Portillo v. Com'r*, 988 F.2d 27 (5th Cir. 1993); *Senter v. Com'r*, T.C. Memo. 1995-311, 70 T.C.M. (CCH) 54, 1995 WL 412147 (U.S. Tax Ct.) (1995). *But see Moore v. Com'r*, 722 F.2d 193 at 196 (5th Cir. 1984). We decline to reach

3

either of these contentions as they were not raised in any intelligible way below.[1] *See F.D.I.C. v. Mijalis*, 15 F.3d 1314, 1317 (5th Cir. 1994) ("the litigant must press and not merely intimate the argument" in the lower court in order to preserve it); *Matter of Fairchild Aircraft Corp*., 6 F.3d 1119, 1128 (5th Cir. 1993); *Moore* at 196. As we have said, "[a] district court and opposing parties are not required to forever sift through such pleadings after the plaintiff has been given notice of the pleading requirements of his case." *Old Time Enterprises v. International Coffee Corp*., 862 F.2d 1213, 1219 (5th Cir. 1989).

Appellants have failed to demonstrate any reversible error. The judgment of the Tax Court is accordingly

AFFIRMED.

---

[1]We note that the issue before the Tax Court in this case was one of proper pleading, not one of the burden of proof at trial, which is the issue addressed in *Portillo* and *Senter*.

4